DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Ceila Norman, appeals from the decision of the Lorain County Court of Common Pleas, Juvenile Division, reimposing her suspended sentence thereby committing her to the Department of Youth Services. We dismiss the appeal.
On May 7, 1998, a complaint was filed in the Lorain County Court of Common Pleas, Juvenile Division, alleging that Ms. Norman, age fourteen, was delinquent for committing an act which would have constituted vandalism, in violation of R.C. 2909.05(B)(1)(a), if she had been an adult at the time of commission. The complaint further alleged that Ms. Norman had violated the terms of her probation in contravention of R.C.2151.02. Ms. Norman admitted the truth of the allegations and was found delinquent. In a judgment journalized on June 8, 1998, the juvenile court committed Ms. Norman to the Ohio Department of Youth Services, but suspended the execution of that sentence and placed Ms. Norman on probation. Subsequently, Ms. Norman's progress was monitored and review hearings held. On December 18, 1998, after conducting a review hearing, the juvenile court reimposed the "[s]uspended [c]ommitment dated 6-8-98[.]" Ms. Norman has appealed the December 18, 1998 decision.
Ms. Norman asserts five assignments of error for review. We will discuss them together to facilitate review.
 First Assignment of Error THE TRIAL COURT ERRED IN DENYING CELIA [sic.] NORMAN'S RIGHT TO COUNSEL UNDER THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, R.C. 2151.352 AND JUV.R. 4(A) AND 29(B).
 Second Assignment of Error THE TRIAL COURT ERRED IN VIOLATION OF CELIA [sic.] NORMAN'S DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION, R.C. 2151.352 AND JUV.R. 4(A) AND 29(B) BY FAILING TO COMPLY WITH JUV.R. 29(B).
 Third Assignment of Error THE TRIAL COURT ERRED BY ACCEPTING CELIA [sic.] NORMAN['S] ADMISSION WITHOUT DETERMINING WHETHER IT WAS MADE WITH AN UNDERSTANDING OF THE ALLEGATIONS AND THE CONSEQUENCE OF ADMISSION, THEREBY RENDERING THE PLEA NOT VOLUNTARY, KNOWING, NOR INTELLIGENT, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE THE [sic.] UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION SIXTEEN OF THE OHIO CONSTITUTION AND JUVENILE RULE 29.
 Fourth Assignment of Error THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY NOT CONDUCTING A COMPETENCY HEARING ON CEILA NORMAN, IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION SIXTEEN OF THE OHIO CONSTITUTION[.]
 Fifth Assignment of Error THE JUVENILE TRIAL COURT ERRED BY FAILING TO APPOINT A GUARDIAN AD LITEM PURSUANT TO 2151.281(A)(2) [sic.] AND JUV.R. 4 TO EFFECTIVELY ADVANCE CEILA NORMAN'S INTERESTS IN VIOLATION OF THE UNITED STATES 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION [sic.] AND SECTION 16 OF THE OHIO CONSTITUTION[.]
In her first assignment of error, Ms. Norman asserts that the juvenile court erred by accepting her waiver of counsel at the adjudicatory hearing without making a meaningful inquiry designed to determine whether such waiver was made knowingly, voluntarily, and intelligently. In her second assignment of error, Ms. Norman avers that the juvenile court failed to comply with the requirements of Juv.R. 29(B) at the adjudicatory, disposition, and review hearings. In her third assignment of error, Ms. Norman contends that the juvenile court erred in accepting her admission without first complying with Juv.R. 29(B) and (D) and without making an effort to determine whether her admission was made knowingly, voluntarily, and intelligently. In her fourth assignment of error, Ms. Norman asserts that her adjudication of delinquency must be vacated because the juvenile court failed to conduct sua sponte a competency hearing and determine that she was competent to stand trial. In her fifth assignment of error, Ms. Norman argues that the juvenile court erred in failing to appoint a guardian ad litem, pursuant to R.C. 2151.281(A)(2), to protect her interests during the adjudicatory and disposition proceedings.
App.R. 4(A) requires the notice of appeal to be filed within thirty days of the entry of judgment or order being appealed. This court has held that "an order reimposing a suspended juvenile commitment does not extend the time to appeal issues arising from the original adjudication and disposition." In re Hicks (Feb. 9, 1999), Lorain App. No. 97CA006990, unreported, at 2, citing In re Vinson (Nov. 5, 1997), Summit App. No. 18112, unreported.
In her assignments of error, Ms. Norman raises issues arising from the original adjudication of delinquency and disposition. The original disposition was journalized on June 8, 1998, in which the juvenile court committed Ms. Norman to the Department of Youth Services but suspended the execution of that sentence and placed Ms. Norman on probation. The June 8, 1998 decision was final and appealable; therefore, Ms. Norman had thirty days within which to file her notice of appeal, pursuant App.R. 4(A). See Vinson, supra, at 4. Ms. Norman, however, did not file her notice of appeal until January 20, 1999, well over thirty days after the June 8, 1998 decision. Accordingly, Ms. Norman's appeal of the issues surrounding her original adjudication and disposition was untimely. This court is, therefore, without jurisdiction to hear the appeal. The appeal is dismissed.
Appeal dismissed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, J., SLABY, J., CONCUR.